UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

CRIMINAL NO. 18-29-DLB

UNITED STATES OF AMERICA                                                                 PLAINTIFF

V.                              SENTENCING MEMORANDUM

KERRY M. KENNEDY                                                                         DEFENDANT

\* \* \* \* \*

The Defendant used his Dropbox account to transport and possess images of children being sexually molested, abused and exploited.  He has no countable criminal history, but in 2014 he traveled to Indiana to have oral sex with a 16-year-old female, which raises additional concerns about his conduct with minors.  On balance, the sentencing factors support a sentence of 151 months imprisonment and at least twenty-five years of supervised release.

I. **Objections to the presentence report**:

The United States is not aware of any objections at this time that affect the calculation of the advisory guideline range or the requested restitution amounts.

II. **Factual Circumstances**:

On July 28, 2016, Dropbox, Inc. reported through the National Center for Missing and Exploited Children's Cyber Tipline that 88 videos depicting sexually explicit images of children were posted to the Dropbox account of the Defendant.  After the investigation

revealed the IP and physical addresses associated with the Dropbox account, a search warrant for the Defendant's residence was executed on June 13, 2017. Certain electronics were seized from the Defendant and he was interviewed by law enforcement.

In his interview, the Defendant admitted to receiving and sharing child pornography through various messaging applications, and that he would automatically upload child pornography to his Dropbox account. He also admitted to, as an adult, exchanging sexual images with an underage high school girl and then traveling to her home in Indiana to meet for the purpose of engaging in oral sex. The Defendant also admitted to sending and receiving sexual messages via messaging applications with underage girls.

The search warrant returns from Defendant's Dropbox account, contained a large cache of child pornography. The returns included a folder titled "12 and down" containing hundreds of images depicting females under the age of 12 engaging in sexual activity, oftentimes with adult males. There was also a folder titled "vids(2)" which contained hundreds of images of minors engaged in sexually explicit conduct. Although the entirety of both of these folders are rife with unspeakable child sexual abuse, the Presentence Report chronicles in Paragraphs 17 and 18 some of the more horrific depictions.

The Court received a sampling of victim impact statements from or about several of the identified victims. These letters express and expose the significant harm to the victims as a result of the creation and continued circulation of child pornography. Two of

the series victims have requested restitution. Each request represents a small fraction of the losses suffered by the victim.

### III. <u>Sentencing Factor Analysis</u>:

The advisory guideline range in this case is 151-188 months. The Defendant's lack of criminal history and acceptance of responsibility were factored into the calculation of that range. The Defendant's other personal characteristics and the nature of the offense do not support a downward variance. The Defendant is 30 years old, has a high school diploma and some vocational school education, and has displayed an ability to work. He has strong family and community ties. The factors that often help inmates reform and make meaningful changes in their lives are present with this Defendant. He has no countable criminal history. However, his admitted interaction with underage girls and admitted sexual abuse involving a high school girl in Indiana weigh in favor of a sentence within the guidelines.

The Defendant's willingness to invest an enormous amount of time in pursuit of sexual gratification through viewing images of child pornography speaks to an obsession that requires significant treatment and creates a substantial risk of recidivism. As the Defendant acknowledged in the plea agreement, the number of images and videos exceeds 600 in this case. This factor weighs against a downward variance and supports the need for an extended period of supervised release to allow for continued treatment and behavioral restrictions. This will assist in protecting the public and maximize the Defendant's chance for rehabilitation.

Even though the Defendant did not produce the images in his Dropbox account, the continued use of them for sexual pleasure creates ongoing emotional distress for the victims, and the Defendant has contributed to that pain. "In a sense, every viewing of child pornography is a repetition of the victim's abuse." *Paroline v. United States*, 572 U.S. 434, 457 (2014). "General deterrence is crucial in the child pornography context." *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). The need for deterrence also weighs against a downward variance. Such a variance would also create an unwarranted sentencing disparity between similarly situated individuals.

## IV. <u>Restitution</u>:

The Defendant agreed in his plea agreement that all victims of his relevant conduct who make claims for restitution prior to sentencing shall be considered victims under the Crime Victims' Rights Act and are entitled to restitution under 18 U.S.C. §§ 2259, 3663, and 3663A. As reported in paragraph 23 of the Presentence Report, there are a number of series victims for which restitution may be awarded. To date, the United States has received two such requests from the "Jenny" and the "2crazygurls" series victims.

Counsel for the victim known as the "Jenny" series of images has requested restitution in the amount of $3,000. The investigator in this matter reports that the Defendant had three images of this victim in his possession. A database maintained by the Department of Justice regarding these matters shows approximately 12 orders of restitution. The victim's total losses are calculated by counsel at approximately $3,785,296. The victim has collected approximately $113,861.78 in restitution according

4

to information provided by the victim's counsel. The awards range from $500 to $11,000. The bulk of the restitution awards are for either receipt or possession. The average restitution award for this victim is approximately $3,000.

Counsel for the victim known as "Chelsea" in the "2CrazyGurls" series of images has requested $10,000 in restitution. The investigator in this matter reports that the Defendant had two images of this victim in his possession. The victim's total losses are calculated by counsel at approximately $226,375--$276,375. The victim has received notice of approximately 34 cases and has collected approximately $79,000 in restitution according to information provided by the victim's counsel. The database maintained by the Department of Justice shows one request for restitution of $2,000.

18 U.S.C. § 3553(a)(7) requires the Court to consider "the need to provide restitution to any victims of the offense." 18 U.S.C. § 2259(a) and (b)(4) makes the entry of an order of restitution mandatory in cases such as this. The Supreme Court has offered guidance into the factors to consider in setting a restitution amount.

> These could include the number of past criminal defendants found to have contributed to the victim's general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); whether the defendant reproduced or distributed images of the victim; whether the defendant had any connection to the initial production of the images; how many images of the victim the defendant possessed; and other facts relevant to the defendant's relative causal role.

*Paroline* at 460.  The award should not be a "token or nominal amount." *Id*. at 459.  The statute also specifically provides that "the economic circumstances of the defendant" shall not preclude entry of a restitution order.  18 U.S.C. §2259(b)(4)(B).

Counsel for each victim claiming restitution has sufficiently laid out the nature of the damages and the causal connection between the offense and the loss to each victim.  Consequently, the United States requests that the Court award restitution in the requested amounts based on the information provided to the Court through the Presentence Report and the restitution requests.  The Defendant received timely notice of the restitution requests through the timely disclosure of the Presentence Report and the United States is not aware of any objection to the restitution requests.

The undersigned previously suggested that counsel for the Defendant contact counsel for the victims claiming restitution and attempt to reach an agreed-upon amount of restitution.  At this time, the undersigned is not aware whether any agreements have been reached.  If there is a substantial factual dispute on this point, the United States would not object if the Court schedules a hearing within ninety days to resolve the matter of restitution, pursuant to 18 U.S.C. § 3664(d)(5).  This sentencing memorandum is sufficient notice to meet the requirements of 18 U.S.C. § 3664(d)(5).

## V. Conclusion:

A sentence at the low end of the advisory guideline range, 151 months, and a period of at least twenty-five years of supervised release fairly account for the appropriate sentencing factors.  The terms of supervised release should include ongoing treatment, the appropriate restrictions commonly imposed for such offenders, and a

search condition.  The Court should order restitution in the requested amounts for each of the victims who have come forward.  The Defendant is indigent, so the enhanced special assessment does not apply to him.

Respectfully submitted,

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

By:   s/ Wade T. Napier
      Assistant United States Attorney
      207 Grandview Drive, Suite 400
      Ft. Mitchell, Kentucky 41017
      Phone: 859-655-3200
      Wade.Napier@usdoj.gov

## **CERTIFICATE OF SERVICE**

On March 28, 2019, I filed this document through the ECF program, which sends a copy electronically to counsel for the Defendant.

s/ Wade T. Napier
Assistant United States Attorney
